IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CSX TRANSPORTATION, INC.,

    Plaintiff,

      v.

GENERAL MILLS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-201-TWT

## OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Defendant General Mills, Inc.'s Motion for Clarification or Reconsideration [Doc. 42]. For the reasons set forth below, the Defendant General Mills, Inc.'s Motion for Clarification or Reconsideration [Doc. 42] is GRANTED.

## I. Background

The facts of this case have been explained in detail in a previous Order.[1] Thus, the Court will provide only a brief summary here. The Plaintiff CSX Transportation, Inc. entered into an agreement (the "Agreement") with the Defendant General Mills,

---

[1]    See CSX Transp., Inc. v. General Mills, Inc., No. 1:14-CV-201-TWT, 2015 WL 468682 (N.D. Ga. Feb. 3, 2015).

Inc. wherein the former agreed to construct a private sidetrack – a railroad track connected to a main track – for the latter.[2] The Agreement granted the Defendant the right to conduct "switching" – the process of moving and assembling railcars so that they can be coupled to a locomotive and shipped away – on a portion of the sidetrack.[3] In addition, the Agreement included an indemnity clause that applied specifically to switching operations.[4]

On June 5, 2005, an employee of the Defendant was severely injured while switching railcars on the Defendant's sidetrack.[5]  The employee, Douglas Burchfield, brought suit against the Plaintiff, asserting a common law negligence claim.[6] Ultimately, the jury found that the Plaintiff was negligent, and awarded Burchfield $20,559,004.[7] Both parties appealed the final judgment and then agreed to a settlement

---

[2]     Compl. ¶ 7-8.

[3]     Id. ¶ 10.

[4]     Id., Ex. A.

[5]     Id. ¶ 30.

[6]     Id. ¶ 38.

[7]     Id. ¶ 45.

amount of $16,000,000.[8] The Plaintiff paid this amount in full.[9] The Plaintiff then brought suit against the Defendant, asserting that it was entitled to indemnification from the Defendant under the Agreement. The Defendant moved to dismiss the Plaintiff's claim. The Defendant argued that under Georgia law, a contract must meet a heightened specificity requirement before it may be interpreted to provide indemnification for losses stemming from the indemnitor's own negligence. According to the Defendant, the Agreement did not meet this specificity requirement. The Court agreed, and granted the Defendant's Motion to Dismiss on February 3, 2015.[10] As part of its analysis, the Court pointed out that the situation may have been different if Burchfield's accident was a product of not only the Plaintiff's negligence, but the Defendant's negligence as well.[11] The Court referenced Georgia case law indicating that a contract need not satisfy the heightened specificity requirement if the losses stem from the negligence of both the indemnitor *and* the indemnitee.[12]

---

[8]     Id. ¶ 50.

[9]     Id. ¶ 50.

[10]    [Doc. 36].

[11]    See CSX Transp., 2015 WL 468682, at *4.

[12]    Id.

The Plaintiff then filed a Motion for Reconsideration. In its Response Brief to the Defendant's Motion to Dismiss, the Plaintiff devoted only one sentence to the issue of whether the Defendant's negligence contributed to Burchfield's injuries. Nonetheless, in its Motion for Reconsideration, the Plaintiff argued that the Court committed "clear error" in granting the Motion to Dismiss. According to the Plaintiff, it adequately alleged that the Defendant's negligence contributed to Burchfield's injuries. Consequently, the Plaintiff argued, the Agreement did not have to satisfy a heightened specificity requirement in order to allow the Plaintiff to seek indemnification from the Defendant. The Court denied the Motion for Reconsideration, but granted the Plaintiff's request for leave to file an Amended Complaint.[13] The Plaintiff sought to amend its Complaint to include a clear statement regarding the Defendant's negligence and its contribution to Burchfield's accident.

The Defendant now moves the Court to provide clarification, or alternatively, to reconsider its decision to allow the Plaintiff to amend its Complaint. In this Order, the Court will first explain why it denied the Plaintiff's Motion for Reconsideration. Then, the Court will assess whether it was proper to allow the Plaintiff to amend its Complaint.

---

[13]        [Doc. 41].

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend a judgment.[14] "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion."[15] The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration. Nevertheless, such motions are common in practice.

Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."[16] A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."[17] Further, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or

---

[14]    See Fed. R. Civ. P. 59(e).

[15]    American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. Am. Commodity Group Corp., 753 F.2d 862, 866 (11th Cir. 1984)).

[16]    L.R. 7.2E.

[17]    Godby v. Electrolux Corp., No. 1:93-CV-0353-ODE, 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).

evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."[18]

## III. Discussion

The Plaintiff's Motion for Reconsideration turned on the issue of whether the federal or Georgia collateral estoppel rule applies to a previous federal court case based upon diversity jurisdiction. To be specific, in the Burchfield litigation, the Plaintiff put into issue the Defendant's negligence and its possible contribution to Burchfield's injuries. Burchfield successfully moved for summary judgment on the issue of General Mills's negligence,[19] and the Plaintiff did not pursue the issue on appeal. In its Motion to Dismiss here, the Defendant argued, citing to CSX

---

[18]     Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); see also Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made ... '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through-rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already decided or as a substitute for appeal ... Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

[19]     See Burchfield v. CSX Transp., Inc., No. CIVA. 1:07-CV-1263-TWT, 2009 WL 1405144, at *12 (N.D. Ga. May 15, 2009) ("[T]he defense of General Mills's fault [does] not survive summary judgment.").

Transportation, Inc. v. Brotherhood of Maintenance of Way Employees,[20] that the federal collateral estoppel rule applied and that it precluded the Plaintiff from relitigating the Defendant's negligence because the issue was disposed of in the Burchfield litigation.

In its Motion for Reconsideration, the Plaintiff did not deny that if the federal collateral estoppel rule applied, it could not relitigate the issue of the Defendant's negligence. However, the Plaintiff argued, citing to Semtek International Inc. v. Lockheed Martin Corp.,[21] that *state* collateral estoppel rules apply to federal court cases based upon diversity jurisdiction. And although the federal collateral estoppel rule does not require identity of parties,[22] the Georgia collateral estoppel rule does.[23] Thus, because the Defendant was not a party to the Burchfield litigation, the Plaintiff argues that it is not collaterally estopped from now relitigating the issue of the Defendant's negligence and its contribution to Burchfield's injuries.

---

[20]   327 F.3d 1309, 1316 (11th Cir. 2003).

[21]   531 U.S. 497, 499 (2001).

[22]   See CSX Transp., Inc., 327 F.3d at 1317 ("[T]he party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.").

[23]   See Wickliffe v. Wickliffe Co., Inc., 227 Ga. App. 432, 434 (1997) ("[C]ollateral estoppel requires identity of parties.").

For two reasons, the Court properly rejected the Plaintiff's argument and denied its Motion for Reconsideration. First, "[a] litigant cannot use a motion for reconsideration to raise new arguments that were previously available, but not pressed."[24] Here, the Plaintiff's Motion for Reconsideration relied on a new argument that was not found in its Response Brief to the Defendant's Motion to Dismiss: that the Court must apply Georgia's collateral estoppel rule. Indeed, in its Response Brief, the Plaintiff expressly "acknowledge[d] that current Eleventh Circuit authority *requires* this Court to apply federal collateral estoppel rules to the findings from the *Burchfield* litigation."[25] Thus, the Plaintiff waived its right to insist that this Court apply Georgia's collateral estoppel rule to determinations made in the Burchfield litigation.

This conclusion is supported by Stone v. Wall.[26] There, the plaintiff claimed that the defendants had interfered with the plaintiff's custody of his child.[27] In particular, the plaintiff alleged that he allowed his daughter to travel from Mississippi

---

[24]     United States v. Akel, No. 14-11671, 2015 WL 2119128, at *2 (11th Cir. May 7, 2015).

[25]     Pl.'s Resp. Br. to Def.'s Mot. to Dismiss, at 24 n.4 (emphasis added).

[26]     135 F.3d 1438, 1441 (11th Cir. 1998).

[27]     Id. at 1440.

– where the plaintiff resided – to Virginia so she could be with her terminally ill mother.[28] According to the plaintiff, the defendants "conspired, in Florida, to remove [the plaintiff's daughter] from Virginia to Colorado without the consent of [the plaintiff], who was the parent and natural guardian."[29] Ultimately, the United States District Court for the Southern District of Florida granted the defendants' motion to dismiss after concluding that the plaintiff failed to state a claim under Florida law.[30] Then, the plaintiff filed a motion to amend, arguing that "because the action accrued in Virginia, Virginia law should apply."[31] The district court denied the motion to amend, and the Eleventh Circuit concluded that the district court did not abuse its discretion:

> The [motion to amend] claimed . . . that the choice of law to be applied to this cause of action was Virginia law. But . . . possible application of Virginia law was not specifically raised until the [motion to amend] was filed. At all pertinent times before the order of dismissal, the district court was asked to look at Florida law. . . . The purpose of a [motion to amend] is not to raise an argument that was previously available but not pressed.[32]

---

[28]  See id.

[29]  Id.

[30]  See id.

[31]  Id. at 1441.

[32]  Id. at 1442.

Thus, although the plaintiff may have been correct that Virginia law applied, his failure to raise this argument before the order of dismissal meant that he waived it. Here, similarly, the Court was asked only to apply the federal collateral estoppel rule to the conclusions reached in the <u>Burchfield</u> litigation. Consequently, the Court applied the federal rule, and dismissed the Plaintiff's claim.

In response, the Plaintiff claims that it did argue in its Response Brief that Georgia's collateral estoppel rule applied to findings made in the <u>Burchfield</u> litigation.[33] In its Response Brief, the Plaintiff did point out that *other* Circuits have applied state collateral estoppel rules to determinations made in prior federal cases based upon diversity jurisdiction.[34] However, the Plaintiff expressly acknowledged that "current Eleventh Circuit authority requires this Court to apply federal collateral estoppel rules to the findings from the *Burchfield* litigation."[35] More importantly, in its Response Brief, the Plaintiff never argued that the Supreme Court's decision in <u>Semtek</u> requires this Court to disregard binding Eleventh Circuit precedent and apply Georgia's collateral estoppel rule. These are all new arguments found only in the Plaintiff's Motion for Reconsideration.

---

[33]    Pl.'s Reply in Supp. of Pl.'s Mot. for Reconsideration, at 9-10.

[34]    Pl.'s Resp. Br. to Def.'s Mot. to Dismiss, at 24 n.4.

[35]    <u>Id.</u>

Second, even if the Plaintiff had not waived the issue, the Court would still have followed Eleventh Circuit precedent and applied the federal collateral estoppel rule. The Plaintiff points out that the Supreme Court in <u>Semtek</u> adopted "as the federally prescribed rule" for res judicata "the law that would be applied by state courts in the State in which the federal diversity court sits."[36] The Plaintiff argues that this holding logically extends to the federal collateral estoppel rule as well. The problem with this argument is that the Eleventh Circuit's decision in <u>CSX</u> came *after* <u>Semtek</u>, and it again held that the federal collateral estoppel rule applies to federal cases based upon diversity jurisdiction.[37] However, on appeal, the Plaintiff may obviously request that the Eleventh Circuit revisit its precedent on this issue. In light of the foregoing, the Court agrees with the Defendant that an amendment to the Complaint – which would expressly put the Defendant's negligence into issue in this case – would be futile. Accordingly, the Motion to Amend the Complaint should have been denied.[38]

---

[36]     <u>Semtek</u>, 531 U.S. at 508.

[37]     See <u>CSX Transp., Inc.</u>, 327 F.3d at 1316 ("We now hold that federal preclusion principles apply to prior federal decisions, whether previously decided in diversity or federal question jurisdiction.").

[38]     Cf. <u>CSX Transp., Inc. v. United Transp. Union</u>, 236 Fed. Appx. 562, 563 (11th Cir. 2007) ("[W]e find no abuse of discretion in the denial of CSX's motion for leave to amend the complaint because the district court properly determined that the amendment would be futile.").

## IV. Conclusion

For these reasons, the Court GRANTS the Defendant General Mills, Inc.'s Motion for Clarification or Reconsideration [Doc. 42]. The Motion to Amend [Doc. 38] is DENIED.

SO ORDERED, this 22 day of September, 2015.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge