IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CSX TRANSPORTATION, INC.,

    Plaintiff,

      v.

GENERAL MILLS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-201-TWT

## OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Defendant's

Motion to Dismiss [Doc. 68]. For the reasons set forth below, the Defendant's Motion

to Dismiss [Doc. 68] is GRANTED in part and DENIED in part.

## I. Background

This case has a long and protracted history. It arises out of a workplace accident

in which Douglas Burchfield, an employee of the Defendant, suffered serious personal

injuries. The facts of this case have been described in greater detail in a previous

Order.[1] Thus, the Court will provide only a brief summary here.

---

[1]    See CSX Transp., Inc. v. General Mills, Inc., No. 1:14–CV–201–TWT,
2015 WL 468682 (N.D. Ga. Feb. 3, 2015).

The Plaintiff CSX Transportation, Inc. entered into an agreement (the "Agreement") with the Defendant General Mills, Inc. where the Plaintiff would construct a private sidetrack – a railroad track connected to a main track – for rail freight traffic to and from the Defendant's Covington plant.[2] The Agreement also granted the Defendant the right to conduct "switching" – the process of moving and assembling railcars so that they can be coupled to a locomotive and shipped away – on a portion of the sidetrack.[3] In addition, the Agreement included an indemnity clause that applied specifically to switching operations.[4]

On June 5, 2005, Burchfield suffered significant personal injuries while switching railcars on the Defendant's sidetrack.[5] Burchfield filed a negligence claim against the Plaintiff.[6] At the first trial the jury returned a verdict in favor of CSX. The Court of Appeals reversed on an evidentiary issue. At the second trial, the jury returned a verdict for Burchfield for $20,559,004, finding the Plaintiff to be solely at

---

[2]     Am. Compl. ¶¶ 7, 9.

[3]     Am. Compl. ¶¶ 11-13.

[4]     Am. Compl. ¶ 14.

[5]     Am. Compl. ¶ 22.

[6]     Am. Compl. ¶ 37.

fault for the accident.[7] On appeal, after participating in mediation, the parties agreed to reduce the amount to $16,000,000, which the Plaintiff paid in full.[8]

The Plaintiff then demanded indemnification from the Defendant under the Agreement for the full amount paid to Burchfield.[9] The Defendant refused this demand.[10] After this refusal, the Plaintiff filed this lawsuit against the Defendant seeking indemnity under the Agreement. The Defendant moved to dismiss, arguing that the Plaintiff was barred under the doctrine of collateral estoppel from relitigating its negligence, and that the Agreement does not provide a right of indemnity when the Plaintiff's sole negligence caused the accident.[11] This Court granted the Defendant's motion to dismiss.[12]

The Plaintiff then filed a Motion for Reconsideration, or alternatively, Motion for Leave to File an Amended Complaint.[13] It argued that this Court incorrectly

---

[7]    Am. Compl. ¶ 42.

[8]    Am. Compl. ¶ 47.

[9]    Am. Compl. ¶¶ 43, 46, 48.

[10]    Am. Compl. ¶¶ 46, 49.

[11]    See Def.'s Mot. to Dismiss [Doc. 23-1].

[12]    See CSX Transp., Inc. v. General Mills, Inc., No. 1:14–CV–201–TWT, 2015 WL 468682 (N.D. Ga. Feb. 3, 2015).

[13]    See Pl.'s Mot. for Reconsideration [Doc. 38].

applied federal collateral estoppel law, and not Georgia collateral estoppel law. The Court initially denied the Motion for Reconsideration, but granted the Motion for Leave to File an Amended Complaint, allowing the Plaintiff to file an amended complaint putting in issue the collateral estoppel question.[14] However, on reconsideration, the Court later denied the Motion to Amend the Complaint.[15]

The Plaintiff then appealed. It made two arguments. First, it argued that this Court incorrectly applied federal collateral estoppel law in concluding that the issue of fault could not be relitigated. Second, it argued that the Agreement entitles the Plaintiff to indemnification regardless of who is at fault. The Eleventh Circuit reversed this Court's Order dismissing the Plaintiff's complaint.[16] It held that state collateral estoppel law, and not federal law, should determine the preclusive effect of a federal judgment where the district court exercised diversity jurisdiction.[17] It then remanded to this Court to determine whether the parties were in privity under Georgia law, and

---

[14]    See Order Denying Motion for Reconsideration; Granting Motion for Leave to File an Amended Complaint [Doc. 41].

[15]    See Opinion and Order Granting Motion for Clarification or Reconsideration [Doc. 53].

[16]    CSX Transp., Inc. v. General Mills, Inc., 846 F.3d 1333 (11th Cir. 2017).

[17]    Id. at 1340.

thus, whether collateral estoppel precludes the Plaintiff's claim for indemnification.[18]

The Eleventh Circuit declined to decide the Plaintiff's second argument on appeal because this Court "should have the first opportunity to decide the predicate question of privity."[19]

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[20] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[21] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[22] Generally, notice pleading is all that is required for a valid

---

[18]    Id.

[19]    Id.

[20]    Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[21]    Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[22]    See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[23] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[24]

## III. Discussion

The Eleventh Circuit remanded to this Court to decide one issue: whether the Defendant and Burchfield were in privity under Georgia law.[25] If so, the Plaintiff would be precluded by collateral estoppel from relitigating the issue of fault in the accident. Collateral estoppel bars the "re-adjudication of an issue that has previously been litigated and adjudicated on the merits in another action between the same parties or their privies."[26] In Georgia, collateral estoppel requires mutual identity of parties, meaning that the two actions must be between identical parties or their privies.[27] Thus, since the Defendant was not a party to the Burchfield litigation, collateral estoppel will only apply if it was in privity with Burchfield.

---

[23]    See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), *cert. denied*, 474 U.S. 1082 (1986).

[24]    See Erickson v. Pardus, 551 U.S. 89, 93 (2007).

[25]    CSX Transp., Inc. v. General Mills, Inc., 846 F.3d 1333, 1340 (11th Cir. 2017) ("We decline to decide this dispute. Whether parties were in privity is a factual question that should be decided in the first instance by the district court.").

[26]    Copelan v. Copelan, 294 Ga. 840, 841 (2014) (quoting Waldroup v. Greene Cty. Hosp. Auth., 265 Ga. 864, 866 (1995)).

[27]    Waldroup v. Greene Cty. Hosp. Auth., 265 Ga. 864, 865 (1995).

Under Georgia law, "[a] privy is generally defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right."[28] Privity is a fact-intensive inquiry. "There is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of res judicata and collateral estoppel, since privity depends upon the circumstances."[29]

The Defendant argues that it is in privity with Burchfield for two reasons. First, it argues that it is in privity with Burchfield because it was his employer. Second, it argues that it is in privity with Burchfield because they shared the same interest in proving the Plaintiff's liability in the <u>Burchfield</u> litigation. The Court addresses each of these in turn.

### A. Employer Relationship

First, the Defendant argues that it is in privity with Burchfield because it was his employer. The Defendant contends that "Georgia case law is clear that an employer is in privity with its employee."[30] The Plaintiff responds that employers are only in privity with their employees "as to claims that [the employers] are vicariously

---

[28]     <u>Brown & Williamson Tobacco Corp. v. Gault</u>, 280 Ga. 420, 421 (2006) (internal quotations omitted).

[29]     <u>Id.</u> at 422 (internal quotations omitted).

[30]     Def.'s Mot. to Dismiss, at 13.

liable for their employees' conduct," and that the Defendant has incorrectly construed this as a "blanket rule" that employers and employees are always in privity.[31] The Court agrees.

In Georgia,

> [W]here the liability of the master to an injured third person *is purely derivative and dependent entirely upon the doctrine of respondeat superior*, a judgment on the merits in favor of the servant and against the third person is res judicata in favor of the master in a suit by such third person, though the master was not a party to the action against his servant.[32]

Privity only exists under these circumstances because the claims against the employer are based solely upon vicarious liability. It is not merely because of the existence of the employer-employee relationship itself.[33] "An agency or master-servant relationship does not ipso facto constitute privity for purposes of res judicata or estoppel by judgment."[34] Instead, the vicarious liability is the key factor. As the Georgia Court of Appeals has explained, "[t]his rule is an exemplification of the broader rule by which

---

[31]    Pl.'s Resp. Br., at 11.

[32]    Gilmer v. Porterfield, 233 Ga. 671, 673 (1975) (emphasis added).

[33]    See Davis v. Bryant, 117 Ga. App. 811, 812 (1968) ("Roadway Express Incorporated v. McBroom is not authority for the proposition that an agency or master-servant relationship ipso facto constitutes privity for purposes of res judicata or estoppel by judgment.").

[34]    Norris v. Atlanta & W. Point R.R. Co., 254 Ga. 684, 685 (1985).

one whose liability is wholly derivative may claim the benefit of a judgment in favor of the person from whom his liability is derived, if not based on grounds applicable only to the latter."[35]

This conclusion is further reinforced by the rule consistently stated by Georgia courts that "[a]lthough a master has privity with his servant and can claim the benefit of an adjudication in favor of the servant, a servant is not in privity with the master so as to be able to claim the benefit of an adjudication in favor of the master."[36] This privity is one-way because the master's liability is solely derivative of the servants. Otherwise, the privity would flow both ways.[37]

Here, the fact that the Defendant was Burchfield's employer does not establish privity on its own since there is no categorical rule that employers and employees are always in privity under Georgia law. The <u>Burchfield</u> litigation did not involve a claim against the Defendant as Burchfield's employer based upon vicarious liability. Without an allegation of derivative liability such as this, the Defendant's employer-employee relationship with Burchfield does not establish privity.

---

[35]    <u>Roadway Express v. McBroom</u>, 61 Ga. App. 223 (1939).

[36]    <u>See, e.g.</u>, <u>Gilmer</u>, 233 Ga. App. at 674.

[37]    <u>See</u> <u>Hunter v. Embree</u>, 122 Ga. App. 576 (1970) ("In the reverse situation . . . where the principal received the judgment in his favor, the agent cannot claim the benefit of the prior judgment as a bar to an action against him individually, as his liability to a third person is not derivative.").

The Defendant cites <u>Brewer v. Schacht</u> for the proposition that an employer is always in privity with its employee.[38] In <u>Brewer</u>, a high school football coach sued the Professional Practices Commission, a commission created to investigate state-certified teachers, and two of the commission's administrators under 42 U.S.C. § 1983 after the suspension of his teaching license.[39] A district court had previously ruled in favor of the two administrators in their individual capacities.[40] The court concluded the parties were in privity because of this, and therefore Brewer's claim was barred by collateral estoppel.[41]

However, <u>Brewer</u> is distinguishable because the court relied on multiple other factors in determining that privity existed besides just the employer-employee relationship. First, the plaintiff alleged that the directors and the commission "were parties to a conspiracy against him, and co-conspirators are considered to be in privity for purposes of res judicata."[42] And, the plaintiff asserted claims against the directors

---

[38]    Def.'s Mot. to Dismiss, at 13.

[39]    <u>Brewer v. Schacht</u>, 235 Ga. App. 313, 313-14 (1998).

[40]    <u>Id</u>.

[41]    <u>Id.</u> at 315.

[42]    <u>Id.</u>

in their official capacity, which is the same as asserting a claim against the agency.[43] The court did not find that privity existed solely because the directors were in an employer-employee relationship with the commission. Thus, this case does not stand for the proposition that employers and employees are always in privity.

Furthermore, the court in <u>Brewer</u> relied upon the Supreme Court of Georgia's decision in <u>Gilmer v. Porterfield</u>.[44] As noted above, <u>Gilmer</u> states that an employer is in privity with its employee when the employer's liability is "purely derivative."[45] For this reason, <u>Brewer</u> was another application of this vicarious liability rationale for privity between employers and employees. Therefore, the Defendant is not in privity with Burchfield solely because of their employer-employee relationship.

**B. Same Interest**

The Defendant also claims that it is in privity with Burchfield because they shared the same interest in establishing the Plaintiff's fault in the <u>Burchfield</u> litigation.[46] The Plaintiff makes two arguments in response. First, it argues that there is no rule under Georgia law that parties favoring the same outcome in litigation are

---

[43]     <u>Id.</u>

[44]     <u>Brewer</u>, 235 Ga. App. at 315.

[45]     <u>Gilmer v. Porterfield</u>, 233 Ga. 671, 673 (1975).

[46]     Def.'s Mot. to Dismiss, at 15.

privies. Second, it argues that, even if such a rule existed, the Defendant could not prove that it meets this standard.[47] The Court agrees that the Defendant and Burchfield are not in privity solely because they both desired for the Plaintiff to be found negligent in the previous litigation.

As stated above, "[a] privy has generally been defined as one who is represented at trial and who is in law so connected with a party to the judgment as to have such an *identity of interest* that the party to the judgment represented the same legal right."[48] However, this requires more than just an alignment of similar interests. "Before privity can be established, the interests of the party must fully 'represent' the interests of the privy and be fully congruent with those interests."[49] "Privity is not established by the mere fact that the persons may happen to be interested in the same question or in proving the same state of facts."[50] It does not include "those who might be affected and whose liability might be fixed by the same set of facts."[51] Instead,

---

[47]    Pl.'s Resp. Br., at 14.

[48]    <u>Butler v. Turner</u>, 274 Ga. 566, 568 (2001) (emphasis added).

[49]    <u>Pinkard v. Morris</u>, 215 Ga. App. 297, 298 (1994).

[50]    <u>Smith v. Wood</u>, 115 Ga. App. 265, 268-69 (1967).

[51]    <u>Id.</u> at 269.

privies are persons who are *legally* represented at trial.[52] "[O]ne party is a privy of another where there is a mutual or successive relationship to the same right."[53]

For example, in <u>Smith v. Wood</u>, a woman died in a car accident.[54] The woman's husband sued the other driver, seeking recovery for medical expenses incurred by his wife.[55] Later, the husband and his four children brought a wrongful death action against the other driver.[56] The other driver argued that collateral estoppel precluded relitigating the issue of negligence.[57] The court concluded that the four children were not in privity with their father.[58] It noted that privies must be legally represented at trial, and that privity is not established merely by having an interest in the outcome of the prior litigation.[59] Thus, the children were not in privity with the father "merely because of their relationship" with him or because of their interest in

---

[52] <u>Macuch v. Pettey</u>, 170 Ga. App. 467, 469 (1984) ("Generally speaking, privies are those legally represented at trial.").

[53] <u>Smith</u>, 115 Ga. App. at 268.

[54] <u>Id.</u> at 266.

[55] <u>Id.</u>

[56] <u>Id.</u>

[57] <u>Id.</u>

[58] <u>Id.</u> at 268-69.

[59] <u>Id.</u>

establishing the driver's negligence in the prior lawsuit.[60] This is distinct from a party

who was legally represented in a prior action.[61]

Furthermore, in <u>Butler v. Turner</u>, the Supreme Court of Georgia concluded that

a mother was not in privity with the Georgia Department of Human Resources in a

child support recovery lawsuit.[62] In the prior action, the Department of Human

Resources sued the father, seeking to recover assistance payments it had made to the

mother and to require the father to pay future child support.[63] Later, the mother, on

---

[60]     <u>Id.</u> at 269; <u>see also</u> <u>Stiltjes v. Ridco Exterminating Co.</u>, 197 Ga. App. 852, 853 (1990) (holding that a previous judgment against a decedent's wife in her individual capacity did not preclude a later suit by the wife in her capacity as administratrix of decedent's estate because "the individual plaintiff in the former action did not represent the administratrix, nor did the administratrix claim any right under the individual"); <u>Mills v. Roberts</u>, 172 Ga. App. 77 (1984) (concluding that the fourth lawsuit arising out of the same car accident was not precluded by collateral estoppel even though the plaintiff's claims were brought into issue already, because the plaintiff was not a party to the previous suit, had no right to be heard, and had no right to appeal from the judgment).

[61]     <u>See</u> <u>Waldroup v. Greene Cty. Hosp. Auth.</u>, 265 Ga. 864, 866 (1995) (concluding that a wife, who initially sued individually and as a guardian of her disabled husband, was precluded from later suing individually and as administratrix of the husband's estate because she and the husband "were privies, and she represented her husband's interests, and asserted the same legal rights relative to those interests, in both actions."); <u>Macuch v. Pettey</u>, 170 Ga. App. 467, 468-69 (1984) (holding that a minor child was in privity with her mother and bound by prior judgment because the child was named in the divorce decree and specifically provided for through child support benefits).

[62]     <u>Butler v. Turner</u>, 274 Ga. 566, 568-69 (2001).

[63]     <u>Id.</u> at 566-67.

behalf of the child, sued the father for fraud and deceit in relation to the child support payments.[64] The father claimed that the prior consent judgment entered into with the Department of Human Resources establishing his child support obligations was binding upon the mother.[65]

The court disagreed, concluding that the mother was not a privy of DHR.[66] The court noted that the mother "was not a plaintiff in the suit, had no control over the litigation, and expressly was not represented by the DHR."[67] Although the state stood "to some degree, in the shoes of the party seeking support, it does not have a complete identity of interest."[68] The two sought to establish the father's child support obligations for different reasons. The state's interest did not "fully represent" the mother's interest, even if they may have been similar.[69] For privity to exist, that interest must have been "co-extensive or fully congruent."[70]

---

[64] Id. at 567.

[65] Id.

[66] Id. at 568.

[67] Id. at 569.

[68] Id.

[69] Id.

[70] Id.

And, in <u>Webb v. Ethridge</u>, the Eleventh Circuit determined that two police officers, sued under 42 U.S.C. § 1983, were not in privity with the State of Georgia under Georgia's collateral estoppel law.[71] In <u>Webb</u>, the plaintiff alleged that the two officers violated his Fourth Amendment rights by arresting him without probable cause.[72] In a prior criminal case arising from the same incident, a recorder's court concluded that the probable cause existed.[73] The two officers argued that the plaintiff should be collaterally estopped from arguing that he was arrested without probable cause due to this prior adjudication.[74] The Eleventh Circuit, noting Georgia's "restrictive definition of privity," concluded that the two officers were not in privity with the State of Georgia, despite their common interests in proving that probable cause existed.[75]

Similarly, the Defendant here does not satisfy Georgia's restrictive definition of privity. The Defendant was not legally represented by Burchfield in the prior litigation, and the interests of the two, although similar, were not "fully congruent"

---

[71]    <u>Webb v. Ethridge</u>, 849 F.2d 546, 549 (11th Cir. 1988).

[72]    <u>Id.</u> at 546.

[73]    <u>Id.</u> at 548.

[74]    <u>Id.</u> at 549.

[75]    <u>Id.</u>

so as to create an identity of interest. Although the Defendant and Burchfield both desired to prove that the Plaintiff was entirely at fault, this mere interest in the same question and in proving the same set of facts is insufficient to establish privity under Georgia law.[76] Like the father and his children in <u>Smith</u>, both the Defendant and Burchfield desired to establish the Plaintiff's sole negligence. However, this common interest in the same set of facts is not enough to establish privity.

Furthermore, like in <u>Butler</u>, the Defendant's interests, although similar, were not fully congruent with Burchfield's interests in the prior litigation. The two had different motivations. Burchfield desired to prove the Plaintiff's liability in order to obtain recovery for his injuries, while the Defendant was interested in showing that it was not at fault for the accident to avoid any potential indemnification obligations. Although these interests were consistent, they were not "fully congruent" so as to create privity.

The Defendant cites <u>Minnifield v. Wells Fargo Bank, N.A.</u>[77] In <u>Minnifield</u>, a mortgagor filed a wrongful foreclosure lawsuit against Wells Fargo and the law firm that initiated the foreclosure proceedings on behalf of Wells Fargo.[78] The mortgagor

---

[76]     <u>See</u> <u>Smith v. Wood</u>, 115 Ga. App. 265, 268-69 (1967).

[77]     331 Ga. App 512 (2015).

[78]     331 Ga. App. at 513.

had previously filed a wrongful foreclosure lawsuit arising out of the same facts against another one of Wells Fargo's law firms that had initiated foreclosure proceedings against this property.[79] The court concluded that privity existed because the law firm in the previous action had represented the "same legal right" and had an "identity of interest" in defending against Minnifield's claims by proving Wells Fargo's security interest.[80]

The Defendant argues that <u>Minnifield</u> is the "most recent and on-point Georgia case" and that the standard for privity provided there is that "the party seeking to invoke collateral estoppel shares the 'same interest' as a party to the initial litigation."[81] However, the court reiterated in <u>Minnifield</u> that a privy must be "legally represented" at the previous trial and that they must represent the "same legal right." This is a higher standard than merely sharing the same interest in the prior litigation, as the Defendant claims.

And, although <u>Minnifield</u> is recent, it is distinguishable from the case at hand. In <u>Minnifield</u>, the two law firms' interests were fully congruent in the two lawsuits. They both represented Wells Fargo in the same capacity as legal counsel in lawsuits

---

[79]     <u>Id.</u> at 513-14.

[80]     <u>Id.</u> at 517.

[81]     Reply Br. in Supp. of Def.'s Mot. to Dismiss, at 4.

arising from the same foreclosure, and they both desired to prove that Wells Fargo had an enforceable security interest in the same property. There were not differing motivations, as exist here between the Defendant and Burchfield. Further, both parties in Minnifield represented the same legal right: Wells Fargo's enforceable security interest in the property. This right was legally represented in the earlier litigation. The two law firms had a "mutual or successive relationship to the same right."[82] In contrast, the Defendant and Burchfield do not share a mutual or successive legal right such as this. Therefore, Minnifield is not determinative in this case.

The Defendant also cites Lilly v. Heard.[83] However, Lilly is distinguishable. There, county residents brought a challenge to the eligibility of a school board member to hold office.[84] Prior to this, a voter had already challenged the board member's eligibility to run for the board during the election.[85] The court held that the plaintiffs were in privity with the prior challenger because they had an "identity of interests" due to their "common interest in having the public offices in their

---

[82]     See Smith v. Wood, 115 Ga. App. 265, 268 (1967).

[83]     Lilly v. Heard, 295 Ga. 399 (2014).

[84]     Id. at 399-400.

[85]     Id. at 400.

community held by legally qualified persons."[86] Importantly, the court emphasized that the common interest between the challengers was an interest of "public concern, as opposed to a private right."[87] It also noted that "[w]here a taxpayer or property-owner brings an action against a county or its officers upon a matter of public and general interest to all other taxpayers of such political subdivision, and the action either expressly or by necessary implication is on their behalf, they are equally bound by the adjudication."[88] Thus, the key factor establishing privity in these circumstances is that both parties share an interest of public concern in a challenge involving a government or government official. This prevents a myriad of lawsuits on the same issue against the government by aggrieved citizens.

Lilly is distinguishable from the case at hand because this case does not concern a taxpayer suing a local government on a matter of public concern. Instead, this case involves only a private right. Therefore, the Defendant is not in privity with Burchfield based upon their shared interest in proving the Plaintiff's sole negligence. Since the Defendant has not established privity, collateral estoppel does not preclude litigation of the issue of the Plaintiff's negligence.

---

[86]   Id. at 404.

[87]   Id. at 405.

[88]   Id. (quoting Walker v. Hamilton, 210 Ga. 155, 156 (1953)).

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 68] is DENIED as to Counts II and III of the Amended Complaint. For the reasons set forth in the Court's Order of February 3, 2015, the Defendant's Motion to Dismiss [Doc. 68] is GRANTED as to Count I.

SO ORDERED, this 5 day of October, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge