IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CSX TRANSPORTATION, INC.,

    Plaintiff,

      v.

GENERAL MILLS, INC.,

    Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-201-TWT

**OPINION AND ORDER**

This is a breach of contract action. It is before the Court on the Defendant's Motion to Dismiss [Doc. 86]. For the reasons set forth below, the Defendant's Motion to Dismiss [Doc. 86] is DENIED.

**I. Background**

This case, which has a long and tortured history, is once again before the Court on a Motion to Dismiss by the Defendant. The facts are set out in greater detail in this Court's numerous previous Orders. On February 3, 2015, this Court granted the Defendant's initial Motion to Dismiss.[1] The Court, applying federal collateral estoppel law, concluded that the Plaintiff was barred from relitigating its negligence due to the factual findings that were made in the

---

[1] See *CSX Transp., Inc. v. General Mills, Inc.*, No. 1:14–CV–201–TWT, 2015 WL 468682 (N.D. Ga. Feb. 3, 2015).

underlying *Burchfield* litigation. The Court also concluded that the Sidetrack Agreement (the "Agreement") does not provide a right of indemnity when the Plaintiff's sole negligence causes an accident.[2] The Plaintiff then appealed, arguing that: (1) this Court incorrectly applied federal collateral estoppel law in concluding that the issue of fault could not be relitigated: and (2) the Agreement entitles the Plaintiff to indemnification regardless of who is at fault. The Eleventh Circuit reversed, holding that state collateral estoppel law, and not federal law, should determine the preclusive effect of a federal judgment where the district court exercised diversity jurisdiction.[3] It declined to decide the Plaintiff's second argument on appeal because this Court "should have the first opportunity to decide the predicate question of privity."[4] It then remanded to this Court to determine whether the parties were in privity under Georgia law, and thus, whether collateral estoppel precludes the Plaintiff's claim for indemnification.

On October 6, 2017, the Court granted in part and denied in part the Defendant's second Motion to Dismiss. Relevant to this Motion, the Court declined to dismiss Counts II and III of the Amended Complaint, concluding that collateral estoppel did not bar relitigation of fault in the underlying accident

---

[2] *Id.*

[3] *CSX Transp., Inc. v. General Mills, Inc.*, 846 F.3d 1333, 1340 (11th Cir. 2017).

[4] *Id.*

since the Defendant and Mr. Burchfield were not in privity under Georgia law. The Court dismissed Count I for the same reasons that it previously dismissed that claim in its Order from February 3, 2015. The Defendant now moves to dismiss once again. In its Motion to Dismiss, the Defendant makes two arguments. First, it contends that the Plaintiff's claims for indemnity in Counts II and III are not ripe. Second, it argues that it is entitled to judgment on the pleadings because the Amended Complaint fails to set forth facially plausible claims for breach of contract under Georgia law.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.[5] Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks."[6] Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion."[7] On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion.[8] "'Factual attacks,' on the other hand, challenge

---

[5] FED. R. CIV. P. 12(b)(1).

[6] *Garcia v. Copenhaver, Bell & Assocs., M.D.'s*, 104 F.3d 1256, 1261 (11th Cir. 1997); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990).

[7] *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca v. Chrysler Credit*, 613 F.2d 507, 511 (5th Cir. 1980)).

[8] *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'"[9] The presumption of truthfulness does not attach to the plaintiff's allegations.[10] Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[11]

On the other hand, a complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[12] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[13] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the

---

[9] *Lawrence*, 919 F.2d at 1529 (quoting *Menchaca*, 613 F.2d at 511).

[10] *Id.*

[11] *Scarfo v. Ginsberg*, 175 F.3d 957, 960-61 (11th Cir. 1999).

[12] *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); FED. R. CIV. P. 12(b)(6).

[13] *Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007).

plaintiff.[14] This standard also applies to a motion under Rule 12(c) for judgment on the pleadings.[15]

### III. Discussion

### A. Ripeness

First, the Defendant argues that the Plaintiff's remaining claims for indemnity are not ripe. Counts II and III of the Amended Complaint claim that the Defendant owes the Plaintiff a duty of indemnity under the Agreement due to its partial fault in the accident. The Defendant contends that the Plaintiff's remaining indemnity claims are not ripe because its duty to indemnify would not be triggered until the Plaintiff incurs losses "based on findings of General Mills' partial fault or concurring negligence."[16] According to the Defendant, the Plaintiff's "self-serving allegations" that the Defendant is partially at fault are insufficient to establish a ripe claim for indemnification.[17] However, the Court concludes that the Plaintiff's claims are ripe for review.

---

[14] *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983); *see also Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

[15] *See, e.g., M.H.D. v. Westminster Schools*, 172 F.3d 797, 802 n.12 (11th Cir. 1999) ("If the court concludes that the . . . statute provides no relief . . . then it properly dismisses that cause of action for failure to state a claim under Fed. R. Civ. P. 12(b)(6) or 12(c)."); *Burbach Broadcasting Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405 (4th Cir. 2002).

[16] Def.'s Mot. to Dismiss, at 11 (emphasis omitted).

[17] *Id.*

Article III of the Constitution "limits the jurisdiction of the federal courts to actual cases or controversies and requires [the Court] to consider whether a plaintiff's claims are ripe."[18] The question of ripeness "turns on the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration."[19] Essentially, the Court is determining whether "the claim is sufficiently mature, and the issues sufficiently defined and concrete, to permit effective decisionmaking."[20] A claim is ripe if the controversy is "definite and concrete, touching the legal relations of parties having adverse legal interests."[21]

According to the Defendant, only Count I, which alleged that the Defendant owed the Plaintiff an obligation of indemnity regardless of fault, presented a case or controversy that was ripe for review. The Defendant contends that the two remaining claims, Counts II and III, which assert that the Defendant owes a duty of indemnification due to its own partial liability, are not ripe because the Defendant has not been found to be at fault. According to the Defendant, the Plaintiff's remaining claims "are not ripe because any contractual duty General Mills might have to indemnify CSXT (as alleged in Counts II

---

[18] *Beaulieu v. City of Alabaster*, 454 F.3d 1219, 1227 (11th Cir. 2006).

[19] *Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190-191, 201 (1983) (internal quotation marks omitted).

[20] *Digital Properties, Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997) (internal quotation marks omitted).

[21] *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240-41 (1937).

and III) would not be triggered unless and until CSXT were to incur losses *based on findings of General Mills' partial fault or concurring negligence.*"[22] According to the Defendant, the Plaintiff's "self-serving allegations" that the Defendant bears some liability in the underlying accident are not enough to establish a ripe claim for indemnification because it is "pure speculation" whether a jury would conclude that the Defendant bears some liability for Burchfield's injuries.[23]

However, the Plaintiff's indemnification claims became ripe once it made payment to Burchfield to satisfy its obligations in the underlying dispute. Under Georgia law, a party's right to seek indemnification materializes when it expends the funds it seeks to recover from the indemnitor.[24] The party seeking indemnity must show that it has "sustained an actual legal liability to the injured party."[25] Otherwise, the party seeking indemnification could "recover a windfall" by receiving reimbursement for a judgment it never ultimately

---

[22] Def.'s Mot. to Dismiss, at 11.

[23] *Id.* at 10-11.

[24] *See Davis v. S. Exposition Mgmt. Co.*, 232 Ga. App. 773, 775 (1998) ("Where no funds have yet been expended, a party's right to seek indemnification has not yet actualized."); *Carr v. Nodvin*, 178 Ga. App. 228, 233 (1986) ("Since there are claims against Nodvin presently pending trial and no funds have been expended by him relating to these claims so as to accrue a right of indemnity against Concept, he has not incurred any 'actual legal liability' in order to assert a claim for indemnity at this point in the litigation.").

[25] *Ranger Constr. Co. v. Robertshaw Controls Co.*, 158 Ga. App. 179, 181 (1981).

becomes obligated to pay for.[26] Therefore, under Georgia law, the Plaintiff's claim for indemnification ripened once it paid Burchfield $16,000,000 pursuant to their settlement agreement. At that point, the Plaintiff's legal liability and losses became certain, and its claim for indemnification thus became fit for judicial review.

The cases cited by the Defendant are inapposite. In those cases, the courts found the indemnification claims at issue to be unripe because the underlying cases were still pending.[27] Adjudication of those indemnification claims would

---

[26] *Davis*, 232 Ga. App. at 775.

[27] *See Evanston Ins. Co. v. Dillard House Inc.*, No. 2:16-CV-249-RWS, 2017 WL 3498953, at *4 (N.D. Ga. June 28, 2017) ("Defendants argue that the issue of plaintiff's duty to indemnify is not ripe because the Underlying Lawsuit is pending, and that duty is dependent on the outcome of that case. The binding case law in this circuit has held that 'no action for declaratory relief will lie to establish an insurer's liability in a policy clause contest . . . until a judgment has been rendered against the insured since, until such judgment comes into being, the liabilities are contingent and may never materialize.'"); *Int'l Ins. Co. of Hannover, S.E. v. Morrowood Townhouses, LLC*, No. 1:15-CV-02455-MHC, 2015 WL 11455589, at *4-5 (N.D. Ga. Nov. 4, 2015) (concluding that indemnification claim was not ripe when liability issue had not yet been determined in underlying state court action ); *Nationwide Mut. Fire Ins. Co. v. Dillard House, Inc.*, 651 F. Supp. 2d 1367, 1369, 1373 (N.D. Ga. 2009) (declining to exercise jurisdiction "over the premature issue of the duty to indemnify" because the underlying action was still pending and "'any number of eventualities' could change the analysis of whether plaintiff owes a duty to indemnify"); *Northland Cas. Co. v. HBE Corp.*, 160 F. Supp. 2d 1348, 1363 (M.D. Fla. 2001) ("Neither party has presented sufficient facts from which this Court may decide whether Northland has a duty to indemnify HBE in those lawsuits. At this juncture, the *Stephens* lawsuit remains pending. Thus, the issue of Northland's duty to indemnify HBE in that case is not ripe for adjudication."); *Great N. Paper Co. v. Babcock & Wilcox Co.*, 46 F.R.D. 67, 70 (N.D. Ga. 1968) ("[A]ny question of Travelers' liability to indemnify the plaintiffs is premature at this point. It is possible that in the action on Kirkland's suit Great Northern will be found not

be premature because the liability issues in the underlying dispute had not yet been determined – the party seeking indemnification had not yet been found liable nor made a payment. Thus, the claims for indemnification were not sufficiently mature nor sufficiently defined and concrete to be appropriate for judicial review. In such a situation, adjudication of the indemnification action would be premature because "the liabilities are contingent and may never materialize."[28] "District courts within this circuit have consistently heeded this admonition and declined to declare insurers' indemnity obligations absent a liability determination in the underlying case."[29] In contrast, the underlying *Burchfield* action in this case is not still pending. The Plaintiff has already been found liable in the underlying dispute and made payment to Burchfield. The uncertainties that led the courts to decline to exercise jurisdiction in those cases are not present here. As the Plaintiff correctly notes, those cases would be relevant if the *Burchfield* litigation was still ongoing. In such a situation, it would be unwise for the Court to adjudicate the issue of indemnification because

---

liable, or B & W's indemnity contract with Great Northern may be inapplicable to an injury such as that suffered by Kirkland. Thus, Travelers may never be liable at all. In fact, the liability of all of the defendants does not even come into question until and unless Great Northern is held liable for Kirkland's injuries. The court should not pass on questions of insurance coverage and liability for indemnification when the contingencies giving rise to them may never occur.").

[28] *Evanston Ins. Co.*, 2017 WL 3498953, at *4 (quoting *Allstate Ins. Co. v. Employers Liab. Assurance Corp.*, 445 F.2d 1278, 1281 (5th Cir. 1971)).

[29] *Erie Indem. Co. v. Acuity, A Mut. Ins. Co.*, No. 1:06-CV-0174-TWT, 2006 WL 2048310, at *2 (N.D. Ga. July 19, 2006).

the Plaintiff's legal liability and losses would still be uncertain, and may never come into existence. However, since the Plaintiff has already been found liable and paid Burchfield, its claim is fit for judicial review.

Furthermore, the Defendant's argument is circular. The Defendant argues that the Plaintiff "is attempting to put the cart before the horse" because "[e]ven if the doctrine of collateral estoppel does not prevent CSXT from re-litigating fault for the underlying accident that injured Mr. Burchfield, fault cannot be re-litigated in this premature breach of contract action."[30] Essentially, the Defendant contends that this claim is not ripe because the Plaintiff cannot prove that Defendant is partially at fault for the accident. But, that is exactly what this lawsuit seeks to prove. The Plaintiff's claims could never be ripe under this view, because the Plaintiff would not be able to assert a claim that the Defendant is at fault. At this stage of the proceedings, the Plaintiff's factual allegations are taken as true. The Defendant essentially seeks to argue that the Plaintiff was found to be entirely at fault in the underlying action, and that it cannot now argue that the Defendant is partially liable. However, this is just another repackaging of the Defendant's collateral estoppel argument, which this Court has already rejected. Assuming that factual allegations in the Amended Complaint are true, the Plaintiff has asserted a ripe claim for indemnification.

---

[30] Def.'s Mot. to Dismiss, at 10.

### B. Judgment on the Pleadings

Alternatively, the Defendant argues that it is entitled to judgment on the pleadings because the Plaintiff has failed to allege facially plausible claims for breach of contract under Georgia law.[31] According to the Defendant, the duty to indemnify under Georgia law is determined by the "true facts" as they are established in the underlying litigation, and the jury in the *Burchfield* litigation concluded that Burchfield's injuries resulted from the Plaintiff's sole negligence. The Defendant argues that in Georgia "the losses for which indemnity is sought are inextricably (and necessarily) grounded in the findings of the underlying judgment."[32] Therefore, according to the Defendant, it is entitled to judgment on the pleadings because Counts II and III of the Amended Complaint fail to allege plausible claims under Georgia law.

However, the Defendant is just attempting to repackage the same collateral estoppel argument that this Court has previously rejected. Essentially, the Defendant argues that the Plaintiff was found to be solely liable in the *Burchfield* litigation, and that this finding should be binding upon this litigation (which would preclude the Plaintiff from seeking indemnification under Counts II and III). However, the Court has already concluded that, under Georgia law, the findings in the *Burchfield* litigation have no preclusive effect on this case

---

[31] *Id.* at 14.

[32] *Id.* at 15.

because the Defendant and Burchfield were not in privity. Therefore, at this stage of the proceedings, the Court will look only at the Plaintiff's factual allegations, and not the prior findings in the *Burchfield* litigation. In the Amended Complaint, the Plaintiff alleges that Burchfield's injuries resulted, in part, from the Defendant's negligence, and that the Defendant thus owes the Plaintiff a duty of indemnification under the Agreement. Taking these factual allegations as true, the Plaintiff states a plausible claim for relief in the Amended Complaint.

Furthermore, the cases that the Defendant relies upon for its argument that an indemnity action is "inextricably" intertwined with the findings of the underlying judgment are distinguishable. In those cases, the courts came to such a conclusion by applying the federal law of preclusion, and not the Georgia law, which controls here. For example, in *Gibbs v. Air Canada*, the Eleventh Circuit noted that "[t]he general rule with regard to the preclusive effect of findings made in connection with a judgment for which contractual indemnity is sought is that an indemnitee is bound in an action against the indemnitor by all findings without which the original judgment against him could not have been rendered."[33] Importantly, in the previous sentence, the court stated that "[f]ederal law governs the res judicata effect of a prior judgment in a diversity

---

[33]  *Gibbs v. Air Canada*, 810 F.2d 1529, 1535 (11th Cir. 1987).

action in a subsequent diversity case."[34] The other cases cited by the Defendant similarly apply this federal rule of collateral estoppel.[35] However, in this very case, the Eleventh Circuit explicitly rejected this approach.[36] The court recognized that its "caselaw contains discordant answers to the question whether federal common law borrows the doctrine of collateral estoppel as defined by state law . . . or applies the doctrine only as defined by federal law . . . to determine the preclusive effect of an earlier judgment of a federal court that exercised diversity jurisdiction."[37] The court then concluded that "federal common law adopts the state rule of collateral estoppel" in such a context.[38] Thus, the cases cited by the Defendant that apply the federal rule of collateral

---

[34] *Id.*

[35] *See, e.g., Beetler v. Sales Affiliates, Inc.*, 431 F.2d 651, 654 (7th Cir. 1970) ("Under the general rules governing the conclusiveness of judgments, the indemnitee (plaintiffs in the case at bar), in an action to recover from the indemnitor (defendant in the case at bar) the amounts paid in satisfaction of a judgment obtained against him by an injured person, is bound by all findings without which the judgment could not have been rendered."); *Warren Petroleum Corp. v. J.W. Green Contractors*, 417 F.2d 242, 245-46 (5th Cir. 1969) ("Warren, as indemnitee, in an action to recover from its indemnitor amounts paid in satisfaction of the judgment against it, is bound by all findings without which the judgment could not have been rendered.").

[36] *CSX Transp., Inc. v. Gen. Mills, Inc.*, 846 F.3d 1333, 1340 (11th Cir. 2017) ("We hold that federal common law borrows the state rule of collateral estoppel to determine the preclusive effect of a federal judgment where the court exercised diversity jurisdiction.").

[37] *Id.* at 1335.

[38] *Id.*

estoppel are not instructive in this case. The Defendant merely attempts to once again make an argument that has consistently been rejected in this litigation.[39]

Additionally the Defendant's references to the "true facts" of the case are misplaced. The Defendant argues that the duty to indemnify is determined only by the "true facts" of the case as established in the underlying action, and not the factual allegations in the Amended Complaint.[40] However, the cases cited by the Defendant referencing the "true facts" do not stand for the proposition that the Defendant contends. Georgia courts have used the phrase "true facts" when discussing the distinction between an insurer's duty to defend and its duty to indemnify. "The duty to defend and the duty to indemnify are separate and independent obligations."[41] "The duty to indemnify 'is triggered only when the insured is determined to be liable for damages within the policy's coverage.'"[42] "On the other hand, '[w]hether an insurer has a duty to defend depends on the language of the policy as compared with the allegations of the complaint.'"[43] "The

---

[39] In fact, as the Plaintiff points out, the Defendant made this argument to the Eleventh Circuit in its brief, and cited the same cases to support this proposition. *See* Pl.'s Br. in Oppn' to Def.'s Mot. to Dismiss, Ex. B [Doc. 89-2], at 34-35.

[40] Def.'s Mot. to Dismiss, at 15.

[41] *Int'l Ins. Co. of Hannover, S.E. v. Morrowood Townhouses, LLC*, No. 1:15-CV-02455-MHC, 2015 WL 11455589, at *4 (N.D. Ga. Nov. 4, 2015).

[42] *Id.* (quoting *Erie Indem. Co. v. Acuity, A Mut. Ins. Co.*, No. 1:06-CV-0174-TWT, 2006 WL 2048310, at *2 (N.D. Ga. July 19, 2006)).

[43] *Id.* (quoting *HDI-Gerling Am. Ins. Co. v. Morrison Homes, Inc.*, 701 F.3d 662, 666 (11th Cir. 2012)).

duty to indemnify is determined by the 'true facts' as they are established in the underlying action."[44] In contrast, an insurer's duty to defend, which is broader than its duty to indemnify, requires "an insurer must provide a defense against any complaint that, if successful, might potentially or arguably fall within the policy's coverage."[45] "The duty to defend is separate and apart from the duty to indemnify and the insurer may be required to defend a suit even if the later true facts show there is no coverage."[46]

Thus, the references to the "true facts" in these cases do not require this Court to look to the factual findings in the *Burchfield* litigation, and not the factual allegations in the Amended Complaint, as the Defendant asserts. Instead, these references help explain when an insurer owes a duty to defend to an insured party, and when it owes a duty to indemnify the insured party. The insurer must provide a defense against any complaint that might fall within an insurance policy's coverage, while it only must provide indemnification when the "true facts" ultimately show that the losses fall within the coverage of the insurance policy. Here, the Plaintiff has alleged that it incurred legal liability in the *Burchfield* litigation, and that the true facts will show that the Defendant

---

[44] *Allstate Ins. Co. v. Airport Mini Mall, LLC*, 265 F. Supp. 3d 1356, 1366 (N.D. Ga. 2017).

[45] *Id.* (quoting *Elan Pharm. Research Corp. v. Employers Ins. of Wausau*, 144 F.3d 1372, 1375 (11th Cir. 1998)).

[46] *Trizec Properties v. Biltmore Constr. Co.*, 767 F.2d 810, 812 (11th Cir. 1985).

owes it a duty of indemnification under the terms of the Agreement because it is partially at fault for the accident. At this stage, we take these allegations as true. The instant litigation will determine whether the "true facts" of this case warrant indemnification under the Agreement.

Therefore, the Court concludes that the Defendant is not entitled to judgment on the pleadings. The Plaintiff has alleged facts in the Amended Complaint that, if true, would entitle it to indemnification under the Agreement. At this stage, these factual allegations are accepted as true. The factual findings in the *Burchfield* litigation are not binding in this litigation and have no preclusive effect. Based upon the pleadings, the Plaintiff has stated a claim for relief.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 86] is DENIED.

SO ORDERED, this 18 day of July, 2018.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge