IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CSX TRANSPORTATION, INC.,

   Plaintiff,

   v.

GENERAL MILLS, INC.,

   Defendant.

CIVIL ACTION FILE
NO. 1:14-CV-201-TWT

## OPINION AND ORDER

This is a breach of contract action. It is before the Court on the Plaintiff CSX Transportation, Inc.'s ("CSX") Motion for Clarification and/or Reconsideration [Doc. 283]. For the reasons set forth below, CSX's Motion for Clarification and/or Reconsideration [Doc. 283] is GRANTED in part and DENIED in part.

### I. Background

The facts of this case are well known to the parties. As relevant to the present Motion, on June 21, 2024, the Court issued an Opinion and Order granting the Defendant General Mills, Inc.'s Motion to Exclude Opinion Testimony of the Plaintiff's Expert Samuel Gualardo, [Doc. 280], and on July 16, 2024, the Court issued an Opinion and Order granting in part and denying in part the Plaintiff's Motion to Exclude Mark Elrod and Colon Fulk's expert testimony, [Doc. 281]. On August 13, 2024, the Plaintiff filed the Motion for Clarification and/or Reconsideration of these Orders that is presently before the Court. [Doc. 283].

## II.  Legal Standards

"The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." *Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1238-39 (11th Cir. 1985). Although the Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration, they are common in practice. Local Rule 7.2 states that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary." LR 7.2(E), N.D.Ga. In particular, a party may move for reconsideration when there is (1) newly discovered evidence, (2) an intervening change in controlling law, or (3) the need to correct clear error or prevent manifest injustice. *See Del. Valley Floral Grp., Inc. v. Shaw Rose Nets, LLC*, 597 F.3d 1374, 1383 (11th Cir. 2010). By contrast, a motion for reconsideration is not a "vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon ex rel. Cline v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000).

## III.  Discussion

The Plaintiff raises two challenges to the Court's decision excluding in part the testimony of the Defendant's expert witness Colon Fulk and one challenge to the Court's decision excluding the testimony of the Plaintiff's expert witness Samuel Gualardo. The Court will address each challenge in turn.

1. The Court's Decision on Colon Fulk's Partial Release Opinion

The Plaintiff first challenges the Court's decision that "Fulk may opine on the partial release condition to the extent that his opinion can be supported by admissible evidence other than [Mark] Elrod's expert report, testimony, and pneumatic testing." (July 16, 2024 Opinion and Order, at 21); (Pl.'s Mot. for Clarification and/or Recons., at 3). The Plaintiff argues that Fulk's expert report disclosed only Elrod's excluded pneumatic testing as the basis for his partial release opinion and, therefore, that Fulk cannot testify about the partial release condition without referencing Elrod's excluded testing. (*Id.* at 3-4). The Court will grant the request for clarification as to this challenge.

As the Defendant points out, this challenge misleadingly relies on a single excerpt of Fulk's report that is taken out of context; namely, his statement that he deferred to Engle and Elrod's expertise in their testing for their conclusion that the AEX 7136's handbrake partially released as a result of the collision. (Fulk Expert Report, [Doc. 274-2], at 11). However, Fulk went on to state that Elrod and Engle's conclusions were:

> also consistent with my own knowledge and experience in reviewing the materials in this case. Of particular significance are the observations and testing data of Gary Wolf (from June 9, 2005) and David Engle, the testimonial and photographic evidence that the brake was in a partially released position immediately after the accident, and photographic evidence from multiple inspections showing the bell crank fouling against the sill.

(*Id.*). Engle did his own inspection and evaluation of the handbrake that Fulk reviewed in preparing his own expert report, in addition to reviewing Gary Wolf's

3

testing and observations. True, Engle's conclusions were based in part on Elrod's excluded pneumatic testing, but he also performed his own evaluation, noted that Elrod's opinions were "consistent" with his own, and considered Wolf's testing and observations as well. (Engle Expert Report, [Doc. 274-20], at 22). Notably, the Plaintiff did not challenge Wolf or Engle as experts in this matter, and the time to do so has passed. Additionally, Fulk has years of experience in railroad accidents and railcar handbrakes on which he can rely to testify about the partial release condition of the AEX 7136's handbrake. The only source that he cannot rely on to testify about the partial release condition, as the Court stated in its July 16th Order, is Elrod's expert report, including Elrod's pneumatic testing and associated opinions about the partial release condition. To the extent the Plaintiff wishes the Court to reconsider its argument that Fulk's partial release opinions should have been excluded because they relied too heavily on Elrod's excluded opinions, the Plaintiff has not given the Court any valid reason to do so. *See Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338 (noting that motions for reconsideration are not vehicles to "repackage familiar arguments to test whether the Court will change its mind."). Therefore, the Court will deny the Plaintiff's request for reconsideration as to this issue.

### 2. The Court's Decision on Colon Fulk's Standard of Care Testimony

The Plaintiff also seeks clarification on the Court's decision regarding Fulk's standard of care testimony. The Plaintiff argues that the Court did not address this issue, which it frames as testimony regarding the legal duties that it owed to the Defendant's employee. (Mot. for Clarification and/ or Recons., at 4-5). To the contrary,

4

as the Defendant notes in its response, the Court squarely addressed this issue in its July 16th Order. There, the Court stated, in no uncertain terms, that:

> The Plaintiff's second challenge fails *for the simple reason that Fulk did not opine on any legal duties owed by the Plaintiff*, contrary to the Plaintiff's contentions. Fulk instead opined on what he felt was the standard of care for industry switching owed by both the Defendant and the Plaintiff and whether he felt that standard of care was met with regard to the Burchfield accident. This is a perfectly acceptable topic for an expert's testimony. *Haines v. Webb*, 2014 WL 12828962, at *9 (N.D.Ga. Sept. 26, 2014) ("An expert may offer opinions as to the applicable standard of care and what conduct he believes fell short of that standard and the jury should be instructed that they are ultimately to make the decisions concerning causation and negligence.") (collecting cases and citing *Ricker v. Southwind Trucking Inc.*, 2006 WL 5157692, at *8 (N.D.Ga. July 13, 2006) ("Mr. Morgan's expert report indicates that Mr. Morgan is simply offering his opinion as to what he believes the applicable standard of care is, and the reasons that he believes Defendants' conduct fell short of that standard of care. The Court can, and will, resolve any lingering concerns about 'ultimate issues for the jury' by instructing the jury that they are ultimately to make the decisions concerning causation and negligence.").

(July 16, 2024 Opinion and Order, at 23) (emphasis added). The Court could not have stated any clearer that Fulk did not opine on any legal duties owed by the Plaintiff and that his opinions on the standard of care are proper. The Plaintiff's request for clarification as to this issue is therefore denied.

### 3. The Court's Decision to Exclude Samuel Gualardo

Finally, the Plaintiff seeks clarification on the Court's basis for excluding Gualardo and, specifically, whether the Court would have found Gualardo qualified if it had considered his late-filed declaration. This challenge is also resolved with reference to the Court's June 21st Opinion and Order. There, the Court spent two-plus pages explaining why Gualardo's education and experience did not qualify

him to testify as an expert on the standard of care applicable to railcar switching operations, summarizing its conclusion in one sentence: "[b]ecause Mr. Gualardo's expert report and CV do not demonstrate any experience, training, or knowledge in railroad operations, none of his proposed expert opinions are admissible at trial." (June 21, 2024 Opinion and Order, [Doc. 280], at 11-12). The Court also explained that, even if Gualardo's declaration were considered, parts of the declaration directly contradicted Gualardo's responses during his deposition questioning, which the Court found to be "worrisome." (*Id.* at 8, 10). Thus, the Court finds that its earlier Order speaks for itself and that the request for clarification should be denied.

To the extent the Plaintiff moves to have the Court reconsider its ruling excluding consideration of Gualardo's declaration on Rule 26 grounds, that request will be denied as well. The Plaintiff argues for the first time that its untimely filing was harmless and that the Defendant was not prejudiced. (Mot. for Clarification and/or Recons., at 6-7). But motions for reconsideration are not a "vehicle to present new arguments or evidence that should have been raised earlier." *Brogdon ex rel. Cline*, 103 F. Supp. 2d at 1338. Therefore, the Plaintiff's request for reconsideration as to the exclusion of Gualardo's declaration will be denied.

## IV.  Conclusion

For the reasons set forth above, the Plaintiff CSX Transportation, Inc.'s Motion for Clarification and/or Reconsideration [Doc. 283] is GRANTED in part and DENIED in part. The Court GRANTS the Plaintiff's request for clarification as to the extent to which Colon Fulk is permitted to testify as an expert about the partial release

6

condition of the AEX 7136's handbrake. The Court CLARIFIES that Fulk may rely on his own experience, observations, and review of other case materials in testifying on this issue, including but not limited to the expert reports, testing, and observations of experts David Engle and Gary Wolf. He may not rely on Mark Elrod's excluded expert report, pneumatic testing, or associated observations in any way in testifying about the partial release condition. The Plaintiff's Motion for Clarification and/or Reconsideration [Doc. 283] is DENIED in all other respects.

SO ORDERED, this   4th   day of September, 2024.

THOMAS W. THRASH, JR.
United States District Judge